IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,134-01






EX PARTE ALAN WAYNE JONES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 4761-A IN THE 1
ST DISTRICT COURT


FROM NEWTON COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to fifteen years' imprisonment. The Ninth Court of Appeals affirmed his conviction. Jones
v. State, No. 09-00-00056-CR (Tex. App.-Beaumont, delivered June 13, 2001, pet. ref'd).

 Applicant contends, among other things, that trial counsel rendered ineffective assistance
because he failed to file a motion for the appointment of an expert in accident reconstruction. The
trial court entered findings of fact, concluding that counsel was not ineffective and recommending
that relief be denied. We believe, however, that the trial court's findings are not sufficient to resolve 
Applicant's ineffective assistance of counsel claim. In these circumstances, additional facts are
needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial
court is the appropriate forum for findings of fact. The trial court shall provide Applicant's trial
counsel with a second opportunity to respond to Applicant's claim of ineffective assistance of
counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 Applicant appears to be represented by counsel. If he is not represented by counsel and the
trial court elects to hold a hearing, it shall determine whether he is indigent. If he is indigent and
wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the
hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact as to whether counsel's failure to request
the appointment of an expert in accident reconstruction constituted deficient performance and, if so,
whether Applicant was prejudiced. See Ex parte Briggs, 187 S.W.3d 458 (Tex. Crim. App. 2005). 
Specifically, the trial court shall make findings as to (1) what evidence in particular counsel
considered in determining that Applicant was not indigent and would not have been appointed an
expert; (2) what steps, if any, counsel took to confirm that Applicant was not indigent and would not
have been appointed an expert, in light of the fact that Applicant's parents had paid the initial
retainer; and (3) whether Applicant's request for the appointment of appellate counsel indicated that
he was indigent at the time of trial. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: November 22, 2006

Do not publish